UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NAJERA,<br><br>        Plaintiff,<br><br>   v.<br><br>STEELHEAD FABRICATION,<br><br>        Defendant. | Case No. 14-cv-02070-JD<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT AND REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. No. 11 |

This case arises out of a personal injury complaint filed by plaintiff Richard Najera in San Francisco Superior Court. Defendant Steelhead Metal & Fab, LLC ("Steelhead") removed the action to federal court on the basis of diversity jurisdiction. Before the Court is plaintiff's motion for an order granting him leave to amend his complaint and remanding the case to San Francisco Superior Court. Dkt. No. 11. The Court grants the motion.

## BACKGROUND

Plaintiff is a union ironworker. Dkt. No. 2 ¶ 10. His complaint alleges that "[d]efendants negligently fabricated, bundled, secured, and delivered a load of steel to Plaintiff's employer and when the bundling was released, the steel was propelled into the air, falling onto Plaintiff and causing Plaintiff injury." *Id*. ¶ 24. Plaintiff's employer at the time of injury was Sheedy Drayage Co., which served as a steel rigging and hoisting contractor for the construction project at issue. *Id*. ¶¶ 10-11.

Steelhead was the only named defendant at the time of removal. Dkt. No. 1 at 4. Steelhead is alleged to have been the fabricator and bundler of the steel that caused the injury.

Steelhead removed the action, invoking the Court's jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441(b). Steelhead asserts that there is diversity of citizenship, and that the amount in controversy exceeds $75,000. Dkt. No. 1 at 3.

On the same day that it filed the notice of removal, Steelhead also filed a cross-claim against Metropolitan Electrical, Inc. and Focus North America, Inc. for indemnity.  Dkt. No. 7.  Metropolitan is alleged to be a California corporation that acted as the electrical contracting firm on the subject project.  *Id*. ¶¶ 3, 9.  Plaintiff is also a citizen of California.  Dkt. No. 1 at 14.

## DISCUSSION

As a preliminary matter, the removal statute is to be strictly construed against removal jurisdiction, and the party seeking removal bears the burden of establishing its propriety.  *See*, *e.g.*, *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Furthermore, "any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Plaintiff does not challenge whether the requirements for diversity jurisdiction were satisfied at the time Steelhead removed the case.  Rather, plaintiff moves under 28 U.S.C. Section 1447(e), which states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Plaintiff asks that pursuant to this statute, he be permitted to amend his complaint to add Metropolitan and Focus as defendants in this action, and that the case consequently be remanded to state court, since Metropolitan is a non-diverse party thus destroying the Court's diversity jurisdiction under 28 U.S.C. Section 1332.  Dkt. No. 11 at 1-2.

Defendant's responses are mostly a non sequitur.  As plaintiff points out, defendant's opposition brief does not even mention 28 U.S.C. Section 1447(e).  *See* Dkt. Nos. 18, 24.  Despite his request to amend, plaintiff failed to provide the proposed amended complaint with his motion in violation of Local Rule 10-1.  Accordingly, the Court permitted plaintiff to file that proposed amended complaint after the close of briefing on this motion, and for Steelhead to file a response.  Dkt. No. 30.  Steelhead's response to the proposed complaint filed by plaintiff finally does acknowledge the existence of Section 1447(e), the controlling statute here, but its analysis is cursory and unhelpful.  Dkt. No. 32.  Overall, Steelhead's briefing was off point.

This still leaves the question of what factors the Court ought to consider before permitting plaintiff to amend and remand pursuant to Section 1447(e). The Ninth Circuit has stated that "[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Neither the Ninth Circuit nor the Supreme Court, however, has set forth any specific factors the Court must take into account in exercising this discretion.

In the face of some inconsistency in district court decisions on this issue, the Court finds most persuasive the analysis undertaken in *Righetti v. Shell Oil Company*, 711 F. Supp. 531 (N.D. Cal. 1989), in a decision issued when Section 1447(e) was still "entirely new."

As the *Righetti* court found, the Court finds that "Congress' concerns about late amendments which destroy diversity with the intent of delaying proceedings are not implicated here." 711 F. Supp. at 534. Plaintiff moved to amend and remand just two weeks after removal, and no proceedings have occurred here. The state court action was filed in December 2013, and the case was removed in May 2014, shortly after defendant learned there was more than $75,000 in controversy from discovery responses served by plaintiff in April 2014. *See* Dkt. No. 1. Given that Steelhead filed its answer in state court in March 2014, the case can still be said to be at an early stage.

The Court also finds that "plaintiffs can state a facially legitimate claim against" Metropolitan and Focus. *Righetti*, 711 F. Supp. at 534-35. Steelhead's cross-claim asserts that Steelhead manufactured the subject steel platform on Metropolitan's behalf; that Focus, a trucking and transportation company, loaded the components and transported them to Metropolitan's facility; and that Metropolitan then transported the components to the subject construction site. Dkt. No. 7 at ¶¶ 9-15. The cross-claim asserts that if plaintiff was injured, then Steelhead believes that plaintiff's "damages were caused solely through the negligent, tortuous, and/or intentional conduct of the cross-defendants." *Id*. ¶ 17. Plaintiff's proposed amended complaint seeks only to add Metropolitan and Focus as additional named defendants. *See* Dkt. No. 31. The Court is satisfied that the allegations in the cross-claim alone support the conclusion that Mr. Najera can state a facially legitimate claim against Metropolitan and Focus.

3

The Court agrees with the *Righetti* court that it need not -- and should not -- make an "inquiry into the plaintiffs' motive for adding a non-diverse defendant," given that "the express purpose of the section is to 'take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal.'" 711 F. Supp. at 535. The Court further finds that it need not make any inquiry regarding the propriety of joinder under Rules 19 and 20 of the Federal Rules of Civil Procedure. *Id*.

Steelhead clearly will not be prejudiced by the addition of Metropolitan and Focus as defendants. This case is still at an early stage, and it is Steelhead itself which identified and brought into this case these two companies, by way of its cross-claim against them.

## CONCLUSION

The Court therefore concludes that "[w]here, as here, a facially bona fide claim against a non-diverse defendant is stated, amendment is sought early in the litigation and does not appear to be sought for a dilatory purpose, and no prejudice to the named defendant exists, the court should exercise its discretion in favor of leave to amend, and permit plaintiffs to join the non-diverse party." *Righetti*, 711 F. Supp. at 535.

The Court grants plaintiff's motion for leave to amend his complaint, and federal subject matter jurisdiction thereby being eliminated, the Court remands the matter to the Superior Court of San Francisco, pursuant to 28 U.S.C. Section 1447(e).

**IT IS SO ORDERED.**

Dated: August 20, 2014

_____
JAMES DONATO
United States District Judge